UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,                  :
                                           :
         v.                                :       **MEMORANDUM & ORDER**
                                           :       11-CR-850-1 (WFK)
WILLIAM F. BOYLAND, JR.,                   :
                                           :
                    Defendant.             :
-------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 8, 2020, William F. Boyland, Jr. ("Defendant") filed the instant motion for compassionate release, principally based on the risks posed to him by the COVID-19 pandemic, his comorbidities, and the conditions at Federal Correctional Institution ("FCI") Schuylkill. While this motion was pending, the Federal Bureau of Prisons ("BOP") transferred Defendant to home confinement. For the reasons set forth below, the Court DENIES as moot Defendant's motion for compassionate release.

## BACKGROUND

Following a month-long trial in February and March 2014, Defendant, a former New York State Assemblyman, was convicted by a jury of ten counts of honest services fraud and eleven other offenses relating to bribery and extortion. Jury Verdict, ECF No. 92. In September 2015, he was sentenced by the Honorable Judge Sandra L. Townes to concurrent terms of imprisonment totaling 168 months.

In May 2020, shortly after the advent of the COVID-19 pandemic and while incarcerated at FCI Schuylkill, Defendant filed three submissions seeking compassionate release. *See* Def. Mot., ECF No. 184; Def. First Supplement, ECF No. 183; Def. Second Supplement, ECF No. 186. Defendant writes that COVID-19 poses "a unique, extraordinary and potential[ly] irreversible life[-]threatening circumstance" to him in light of his comorbidities and discusses his medical issues and the conditions of confinement at FCI Schuylkill. Def. Mot. at 1–7. Defendant requests the Court order his "immediate release and/or placement in home confinement which would result in his removal from the prison setting." *Id.* at 11. Defendant's

1

subsequent supplemental filings inform the Court of "another exstinuating [*sic*] factor" favoring compassionate release: that Defendant's wife, the sole caretaker of their son, had been diagnosed with Lupus and had become disabled. Def. First Supplement at 1, 3.

The Government responded to Defendant's motion on May 15, 2020, and Defendant filed a third supplemental submission that same day. Gov't Opp., ECF No. 185; Def. Third Supplement, ECF No. 188. On July 29, 2020, Defendant filed a fourth supplement in support of his compassionate release motion. Def. Fourth Supplement, ECF No. 189. On May 4, 2021, the Government informed the Court the BOP had transferred Defendant from prison to home confinement. Gov't Ltr., No. 191. The Government argues Defendant's release to home confinement renders his motion moot. *Id.*

## DISCUSSION

The Court "lacks authority to grant home confinement under the CARES Act," which places the "power to grant home confinement . . . 'exclusively within the discretion of the BOP.'" *United States v. Casado*, No. 19-CR-6156 (FPG), 2020 WL 3410455, at *1 (W.D.N.Y. June 22, 2020) (quoting *United States v. Ogarro*, No. 18-CR-373, 2020 WL 1876300, at *6 (S.D.N.Y. Apr. 14, 2020) (Sullivan, J.)). However, 18 U.S.C. § 3582(c)(1) expressly authorizes a district court to modify an inmate's term of imprisonment under certain circumstances if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Although § 3582(c)(1)(A) is "commonly known as the compassionate release statute," *United States v. Vandegrift*, No. 20-3877-CR, 2022 WL 102070, at *1 (2d Cir. Jan. 11, 2022) (summary order), this subsection "in fact speaks of sentence reductions." *United States v.*

2

*Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). It does not expressly authorize a district court to order that a defendant serve his term of imprisonment in home confinement, and the Second Circuit has yet to determine whether a district court has the power to issue such an order. *United States v. DiBiase*, 857 F. App'x 688, 689 (2d Cir. 2021) (summary order). However, as the Second Circuit has noted, other Circuits "have held that this power rests solely with the . . . BOP . . . [and] the Supreme Court has recognized that the power to determine a prisoner's place of imprisonment 'rests with the BOP.'" *Id.* at 689–90 (quoting *Tapia v. United States*, 564 U.S. 319, 331 (2011)).

Courts in this Circuit thus lack discretion to order that a prisoner be released to home confinement. *See, e.g., United States v. Spaulding*, No. 16-CR-851 (VSB), 2021 WL 4691140, at *2 (S.D.N.Y. Oct. 6, 2021) (Broderick, J,) (citing cases). Yet, § 3582(c)(1)(A) expressly authorizes a district court to end a defendant's term of imprisonment, impose a term of supervised release that does not exceed the unserved portion of the original term of imprisonment, and set special conditions of supervised release. Some district courts have used these powers to effect home confinement by ending a defendant's term of imprisonment and imposing an extended period of supervised release with "a special condition . . . that the defendant serve a portion of the supervised release term in home incarceration." *United States v. Olivieri*, No. 18-CR-316 (PAC), 2021 WL 4120544, at *2 (S.D.N.Y. Sept. 9, 2021) (Crotty, J.) (citing cases).

On or about February 3, 2020, during the pendency of the instant motion, the BOP transferred Defendant to home confinement. Gov't Ltr. at 1. The Government states the BOP is not aware whether Defendant will ultimately be returned to a federal correctional facility. *Id.* To date, Defendant remains under the supervision of a Residential Reentry Management Center,

which supervises defendants on home confinement. *See* BOP, *Inmate Lookup*, https://www.bop.gov/inmateloc/ (last visited Nov. 17, 2022).

"[A]s a general rule, 'if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case" or motion as moot. *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021) (quoting *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000)). If a defendant's motion "is asking only for compassionate release, and his arguments—based on the risks posed by COVID-19 and his unique family issues—focus exclusively on why he should be released from prison," the defendant's release from prison will moot that motion. *Chestnut*, 989 F.3d at 225 (emphasis omitted); *see also United States v. Chandler*, 847 F. App'x 78, 79 (2d Cir. 2021) (summary order) (holding motion for compassionate release seeking only early release from prison due to health issue became moot when the inmate was released from prison); *United States v. Gumbs*, No. 16-CR-821 (NSR), 2021 WL 1372964, at *1 (S.D.N.Y. Apr. 9, 2021) (Román, J.) (holding motion for compassionate release seeking reduction in a defendant's sentence to time served based solely on the fact that overcrowding in FCI Schuylkill placed him at a greater risk of serious complications from COVID-19 was rendered moot when he was released to a half-way house). If, however, the motion additionally seeks "a resentencing because of some procedural or substantive error in his original sentence or because changes in the law have made his original sentence too harsh," the motion may not be moot. *Chestnut*, 989 F.3d at 225.

In this case, Defendant seeks only "removal from the prison setting" and an order from the Court directing his "immediate release and/or placement in home confinement." Def. Mot. at 11. Like the motion in *Chestnut*, the instant motion focuses exclusively on the reasons for

4

Defendant's immediate release from prison: the risks of serious illness posed by the COVID-19 virus while incarcerated, and the Defendant's wife's Lupus diagnosis, which left her disabled and posed challenges to raising their son. The motion does not seek a reduction in sentence and does not present any arguments regarding any procedural or substantive error in his original sentence nor that changes in the law have rendered his original sentence too harsh. Defendant's motion thus solely seeks release from FCI Schuylkill. Because the BOP transferred Defendant to home confinement, the Court finds Defendant's motion moot.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion as moot without prejudice to filing a new motion for compassionate release should he be returned to a federal correctional facility. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 183, 184, and 186, and to mail a copy of this order to Defendant.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2022
Brooklyn, New York